### HARRY ROTH v. GREENSBORO NEWS COMPANY.

#### (Filed 15 June, 1938.)

**Libel and Slander § 6—Letter written by plaintiff and received by defendant, containing demand for retraction of specified libel, is sufficient notice.**

A letter written by plaintiff and received by defendant, in which demand is made for a retraction and apology for a clearly specified article, in which the alleged false and defamatory statements are plainly indicated, is a sufficient notice in writing as required by C. S., 2429, the provisions of C. S., 914, relating to notice in judicial proceedings after suit has been instituted, not being applicable.

APPEAL by the defendant from judgment overruling demurrer entered by *Bivens, J.,* at February Term, 1938, of GUILFORD.   Affirmed.

*Stern & Stern for plaintiff, appellee.*
*Hobgood & Ward and Douglas & Douglas for defendant, appellant.*

SCHENCK, J.   This is an action to recover both actual and punitive damages for libel, instituted under the provisions of chapter 48 of the Consolidated Statutes.   The defendant demurs to the complaint on the ground that it fails to allege facts sufficient to constitute a cause of action "in that it is not therein alleged that at least five days before the institution of this action for the publication in a newspaper owned and published by the defendant of an alleged libel plaintiff served notice, in writing, on defendant specifying the article and the statements therein which he alleges to be false and defamatory."

The complaint alleges that on 11 September, 1937, the plaintiff "wrote a letter to the defendant and made demand that a full and fair correction, apology and retraction  . . .  be made" of the libelous article published on 1 September, 1937, and "that more than twenty days have elapsed since the defendant received said letter," and that defendant has failed and refused to publish any apology, correction or retraction. The letter alleged to have been written by plaintiff and received by the defendant is set forth in the complaint and fully specifies the article and statements therein which the plaintiff alleges to be false and defamatory.

It is the contention of the defendant that the allegation of the plaintiff's having written a letter, and its having been received by the defendant, is not an allegation of the plaintiff's having served notice in writing on the defendant as required by C. S., 2429, which reads: "Before any action, either civil or criminal, is brought for the publication, in a newspaper or periodical, of a libel, the plaintiff or prosecutor shall at

least five days before instituting such action serve notice in writing on the defendant, specifying the article and the statements therein which he alleges to be false and defamatory"; that the notice is governed by C. S., 914, which provides that "All notices must be in writing, and notices and other papers may be served on the party or his attorney personally, where not otherwise provided in this chapter"; and that since there is no provision "otherwise" for the service of the notice required by C. S., 2429, it must be personally served, and the·writing and receipt of a letter is not a compliance with the statute.

With the contention of the defendant we cannot concur. C. S., 914, upon which defendant relies, forms a part of the chapter entitled "Civil Procedure," and it pertains only to notices in judicial proceedings after suit has been instituted. C. S., 2429, and C. S., 914, are separate and distinct statutes and have no relation one to the other. The provision for service of notice in the former refers to an act to be performed as a condition precedent to the institution of the action, whereas the provision as to service of notices in the latter refers to acts to be performed after an action is instituted.

In referring to C. S., 2429, it is said: "The giving of such notice is required only for the purpose of furnishing the defendant opportunity to publish a retraction. . . ." *Osborn v. Leach,* 135 N. C., 628. A letter written by plaintiff and received by defendant, in which a demand is made for a retraction and apology for a clearly specified article, in which the alleged false and defamatory statements are plainly indicated, fully accomplished the purpose of furnishing the defendant the opportunity which the statute provides it should have.

The judgment of the Superior Court is

Affirmed.